IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JESUS CASTILLO,**

**Applicant,**

**v.**                                No. CV 11-404 MCA/WDS

**JAMES JANECKA,**

**Respondent.**

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before the Court on Jesus Castillo's Petition for Habeas Corpus pursuant to 28 U.S.C. §2254[Doc. No. 1] and the Answer [Doc. No. 8] by the Respondent. In his Answer, Respondent raised the issue of failure to exhaust state court remedies. Having reviewed the Petition, the Answer, the record, and the law, this Court recommends that Petitioner's Petition be deemed a "mixed petition" that contains some exhausted claims and some unexhausted claims. The Court further recommends that Petitioner be given the opportunity either to withdraw the unexhausted claims and proceed in this matter with the exhausted claims, or to dismiss this matter without prejudice, subject to refiling when all claims have been exhausted.

### FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from an incident that involved a drive-by shooting and the theft of a vehicle at gunpoint. At the conclusion of a jury trial, Petitioner was found guilty of Armed Robbery, Conspiracy to Commit Armed Robbery, Aggravated Battery, and Aggravated Assault. Petitioner

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

filed a direct appeal on three issues: 1) the admission of his "off the record" statement to the police ("*Miranda*" issue); 2) the admission of a 26-page statement that a testifying witness gave to the police ("prior inconsistent statement" issue); and 3) the admission of a hearsay statement ("Chuy's[2] coming!") under the excited utterance exception to the hearsay rule ("hearsay" issue). Petitioner's direct appeal was denied, as was his petition for cert to the New Mexico Supreme Court.

Petitioner then filed a state habeas petition. That petition included seven claims: 1) the *Miranda* issue; 2) ineffective assistance of counsel arising from defense counsel's alleged failure to secure the testimony at trial of Jesus Loera, who, according to Petitioner, would have admitted that he, not Petitioner, fired shots during the incident; 3) a due process violation arising from the alleged failure of the Spanish translator to translate accurately; 4) a *Brady* violation arising from the alleged failure of the prosecutor to turn over discovery material; 5) a claim that the victim was improperly shown a photograph of the Petitioner to help him identify the Petitioner in court; 6) a claim that the state court, the prosecutor and his defense attorney conspired to deprive Petitioner of witnesses and evidence; and 7) a claim that the prosecutor had a vendetta against Petitioner arising from an earlier case in which Petitioner was acquitted of all charges. The state habeas petition was denied, and Petitioner filed for a writ of certiorari with the New Mexico Supreme Court. That petition was also denied.

Because the issues included in Petitioner's direct appeal and his state habeas petition were presented to the highest state court, those claims are exhausted. Respondent acknowledges that these claims are exhausted, but identifies for new, unexhausted claims in Petitioner's §2254 petition. Petitioner's §2254 petition expands his ineffective assistance of counsel allegations to include: 1)

---

[2]"Chuy" is Petitioner's nickname.

failure to subpoena the police officers who investigated the incident and made statements beneficial to Petitioner's defense, *see* Doc. 1, page 9; 2) failure to subpoena Lorenzo Castillo and Pedro Orosco, Jr., whose testimony would have been beneficial to Petitioner's defense, *Id.*; 3) failure to properly impeach Javier Ramos at trial, *Id.*; and 4) failure to properly impeach Javier Orozco Jr.'s hearsay testimony.

The exhaustion doctrine does not require that a petitioner frame a claim in exactly the same manner in which it was presented to the state courts. *Picard v. Connor*, 404 U. S. 270, 277, 92 S. Ct. 509, 513 (1971). However, the four claims identified above were never raised in the state courts, in any manner, and those courts have not yet had an opportunity to examine these claims. The Court therefore finds that the claims identified above are unexhausted, whereas the remaining claims were clearly raised and decided in the state habeas petition and taken to the state's highest court on application for certiorari. Respondent acknowledges that those claims have been exhausted.

Thus, it is apparent that Respondent is correct in his assertion that Petitioner has filed a mixed petition which is therefore subject to dismissal.

> [I] f the petitioner raises claims in his federal habeas petition that he has not raised in state court [and others that raised and decided in state court], . . . the petitioner will be faced with a choice of either having his entire petition dismissed as a mixed one, or abandoning those claims that he did not raise in state court and pursuing only [the exhausted claims] . . . [A] court cannot adjudicate the exhausted claims in a mixed petition unless the petitioner amends the petition to delete the unexhausted claims . . .

*Harris v. Champion*, 48 F. 3d 1127, 1133 (10th Cir. 1995).

28 U. S. C. §2242 provides that an application for a writ of habeas corpus may be amended or supplemented as provided in the rules of procedure applicable to civil actions, and Fed. R. Civ. P. 15( a) may be used to allow the petitioner to amend his petition when the court feels this is called

for.  Advisory Committee Note (1976) to Rule 5, Rules Governing Section 2254 Cases; *see also* Rule 11 of the Rules Governing Section 2254 Cases.  The Court finds and recommends that Petitioner should be allowed to amend his petition, if that is his preference, to withdraw the four unexhausted claims, leaving only the claims that have been exhausted.  He should be aware, however, that if he does so, he risks dismissal of a subsequent federal habeas petition which raises the claims he would now be abandoning.  *See*, *Rose v. Lundy*, 455 U. S. 509, 520-521, 102 S. Ct. 1198, 1204-05 (1982); Harris, at 1133; *Brown v. Shanks*, 185 F. 3d 1122 (10th Cir. 1999).

    If Petitioner chooses not to amend, his Petition will be dismissed in its entirety without prejudice, in order to allow Petitioner the opportunity to present his unexhausted claims to state court.  Petitioner is advised, however, that the one-year statute of limitations would still apply to all claims in his petition, including those that have been exhausted.  Petitioner may file objections to this Report and Recommendations within fourteen days, or may notify the Court that he elects to withdraw the unexhausted claims, or may notify the Court that his petition should be dismissed in its entirety.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**