IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESUS CASTILLO

                Petitioner,

vs.                                                                      No. CV 12-404 MCA/CG

JAMES JANECKA, Warden, and
GARY K. KING, New Mexico
Attorney General

                Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Petitioner's *Motion for Stay of Proceeding and Dismissal Without Prejudice* ("Motion"), filed January 30, 2014, (Doc. 34).[1] In his Motion, Petitioner moves the Court to stay this proceeding or dismiss without prejudice his *Petition for Writ of Habeas Corpus to the United States District Court of New Mexico* ("Petition"), filed on April 16, 2012, (Doc. 1).

### I.    Procedural Background

On December 5, 2012, United States Magistrate Judge W. Daniel Schneider filed his *Proposed Findings and Recommend Disposition*, (Doc. 9), in which he found that Petitioner had filed a mixed petition.[2] (Doc. 9 at 2-3). Judge Schneider recommended that Petitioner be allowed to amend his petition and proceed only on the claims that had been exhausted. (Doc. 9 at 4). Judge Schneider also advised Petitioner that the one-year statute of limitations would apply to all claims in his petition, including those that had been exhausted. (Doc. 9 at 4).

---

[1] Respondent has not yet filed a response to Petitioner's Motion, but given the nature of the request, the Court finds that a response is not necessary.

[2] A mixed petition contains both claims that have been raised in state court, as well as those that have not been presented to the highest state court for review.

On January 14, 2013, Chief United States District Judge M. Christina Armijo dismissed the Petition because Petitioner did not file objections within the specified time period, nor did he notify the Court that he wished to withdraw his unexhausted claims. (Doc. 10 at 1). On March 20, 2013, Petitioner filed a letter with the Court in which he explained that he had not received Judge Schneider's recommendation, but that he wished to withdraw his unexhausted claims. (Doc. 13 at 1). Based on that letter, the case was reopened and Petitioner's unexhausted claims were dismissed. (Docs. 16, 18).

On the basis of Petitioner's wish to dismiss his unexhausted claims, this Court ordered supplemental briefing on the merits of Petitioner's remaining claims. (Doc. 20). Respondent filed the record proper, (Doc. 25), and both Petitioner and Respondent have submitted briefing on the merits, (Docs. 26, 31, 33). However, on January 30, 2014, Petitioner filed the instant motion, in which he explains that he has "now realized after careful reading of the filing that his statements filed in this proceeding do not adequately or clearly express the occurrences that support his grounds for relief without the unexhausted claims." (Doc. 34 at 1). He moves to stay this proceeding or to dismiss his petition without prejudice so that he may present his unexhausted claims to the state court and re-file his habeas petition, and then proceed to the U.S. District Court, if necessary, with all of his claims together. (Doc. 34 at 2).

**II.     Recommendation**

In his Motion, Petitioner moves the Court to "stay this proceeding and dismiss this matter without prejudice, subject to re-filing when all claims have been exhausted . . . ." (Doc. 34 at 1). Given that Petitioner is requesting that the Court take

two incompatible actions, the Court construes his Motion to as a request to stay this proceeding and hold in abeyance his exhausted claims, or, alternatively, to dismiss without prejudice his Petition and allow him the opportunity to file a perfected petition at a later date, after he has exhausted his additional claims in state court.

    a.  *Stay and Abeyance*

District courts have discretion to stay a habeas petition and hold it in abeyance while the petitioner exhausts his previously unexhausted claims in state court. *Rhines v. Weber*, 544 U.S. 269, 275-77 (2005). However, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277.

In this case, the Court finds that there is not good cause to stay the Petition and hold Petitioner's claims in abeyance. Petitioner has been aware that his Petition included unexhausted claims for over ten months, which is when he notified this Court that he would like to amend his Petition to dismiss his unexhausted claims. Nothing he has filed since March 20, 2013, indicates that Petitioner has tried to present his unexhausted claims to the state court. Moreover, the Court finds that a stay would be prejudicial to Respondent, who has put significant effort into locating and filing the record proper and responding to Petitioner's claims. Therefore, the Court finds this case does not present the limited circumstances in which a stay and abeyance would be appropriate.

    b.  *Dismissal Without Prejudice*

Petitioner has moved to dismiss his Petition without prejudice so that he may present his unexhausted claims to the state court and file a perfected petition at a later

time. In support of his Motion, Petitioner explains that his filings in this case thus far do not adequately "support his grounds for relief without the unexhausted claims." Petitioner has presented some basis for his preference that the Court review all of his claims in one habeas petition, and Petitioner should be allowed to proceed with his claims as he chooses, within the confines of the law. Therefore, the Court recommends that Petitioner's request be granted. Petitioner is advised, once again, that the one-year statute of limitations would still apply to all claims in his petition, including those that have been exhausted. *See* 28 U.S.C. § 2244 (d).

**IT IS THEREFORE RECOMMENDED** that Petitioner's *Motion for Stay of Proceeding and Dismissal Without Prejudice*, (Doc. 34), be **GRANTED IN PART** and **DENIED IN PART**. Petitioner's request to stay this proceeding should be **DENIED** and his motion to dismiss without prejudice his *Petition for Writ of Habeas Corpus to the United States District Court of New Mexico*, (Doc. 1), be **GRANTED**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE